UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| GLORIA ANDERSON, ET AL | CIVIL ACTION |
| VERSUS | NUMBER 10-193-DLD |
| UNION PACIFIC RAILROAD COMPANY | |

## ORDER

The court *sua sponte* notes the potential insufficiency of defendant's allegations supporting subject matter jurisdiction in this removed case. In order to establish that the court has subject matter jurisdiction over this removed action, defendant must prove that the court has diversity jurisdiction or federal question jurisdiction. See 28 U.S.C. §1441. In this case, defendant seeks to remove based on both diversity and federal question jurisdiction.

In order to establish diversity jurisdiction, defendant must show that the parties are diverse and that the amount in controversy exceeds $75,000. See *Garcia v. Koch Oil Co. Of Texas, Inc.,* 351 F.3d 636 (5th Cir. 2003), citing *Paul Reinsurance Co. v. Greenberg,* 134 F.3d 1250, 1253 (5th Cir.1998). Defendant's allegations in the notice of removal establish that diversity of citizenship is satisfied. The court *sua sponte* questions whether the injuries and damages alleged in the petition support defendant's conclusion in the removal that "it is believed that each plaintiff seeks damages exceeding the amount of $75,000" (rec. doc. 3). Defendant must establish by a preponderance of the evidence that the amount in controversy exceeded the statutory $75,000 jurisdictional amount at the time of removal. *Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880 (5th Cir. 2000); *Simon v. Wal-Mart Stores, Inc.*, 193 F.3d 848, 850 (5th Cir. 1999); *Luckett v. Delta Airlines, Inc.*, 171 F.3d 295 (5th Cir. 1999). Additionally, claims by multiple plaintiffs against a single defendant cannot be aggregated to satisfy the

amount in controversy requirement.  See 14AA Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, *Federal Practice and Procedure*, §3704, and cases cited therein.

Additionally, defendant bears the burden of demonstrating that a federal question exists. See *Gutierrez v. Flores*, 543 F.3d 248 (5th Cir. 2008).  Defendant alleges that a federal question exists because the Federal Railway Safety Act (FRSA), 49 U.S.C. §20101, *et seq.* completely preempts plaintiffs' state law claims against defendant.  In light of the provision under the FRSA governing state law causes of action and preemption, the court questions whether the FRSA completely preempts plaintiffs' claims in this case. See 49 U.S.C. §20106.  Accordingly,

**IT IS ORDERED** that defendant shall file a memorandum concerning subject matter jurisdiction on or before **September 27, 2010,** and that plaintiff shall file a memorandum concerning same on or before **October 8, 2010.**  The parties' memoranda shall address the amount in controversy and complete preemption under the FRSA.

Signed in Baton Rouge, Louisiana, on September 16, 2010.

_____
**MAGISTRATE JUDGE DOCIA L. DALBY**