UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

GLORIA ANDERSON, ET AL               CIVIL ACTION

VERSUS                                  NUMBER 10-193-DLD

UNION PACIFIC RAILROAD COMPANY

## RULING

On September 17, 2010, the court issued a *sua sponte* order noting the potential insufficiency of defendant's allegations supporting subject matter jurisdiction in this case removed under diversity and federal question jurisdiction. The court specifically questioned the allegations supporting the amount in controversy and complete preemption under the Federal Railway Safety Act (rec. doc. 19). In response to the order, plaintiffs and defendant filed memoranda addressing the court's subject matter jurisdiction (rec. docs. 21 and 30). Shortly after the memoranda were filed, the parties notified the court that they were in the process of settling this matter and requested that the court stay all rulings on the pending motions. Last week during a status conference, the parties notified the court that 17 of the 18 plaintiffs had settled their claims against defendant Union Pacific and that the single non-settling plaintiff intended to pursue his claims. Thus, before proceeding any further in this matter, the court must examine the asserted basis of federal subject matter jurisdiction.

This mass tort action for personal injuries arises out of an accident which occurred when a train owned and operated by defendant Union Pacific Railroad Company partially derailed whiled traveling on the Plaquemine Bridge and fell onto the banks of Bayou Plaquemine (rec. doc. 1-3). The derailed train cars allegedly contained hazardous

substances, including molten sulfur, ammonia residue, and styrene residue. Id. As a result of the derailment, one of the train cars allegedly leaked molten sulfur on the banks of Bayou Plaquemine and surrounding areas causing plaintiffs to evacuate their homes and experience various physical and emotional symptoms, including, shortness of breath, dry skin, skin rashes, watery and/or burning eyes, headaches, high blood pressure, abnormal sinuses, hives, heightened allergies, anxiety, distress, depression, and mental anguish. Id.

Plaintiffs allege that the accident was caused by defendant's negligence in failing to adequately maintain the railroad bridge crossing, operating its train in an unsafe or negligent manner, and failing to maintain proper control of its train and take necessary actions to prevent derailment. Id. Additionally, plaintiffs allege that defendant Union Pacific had actual and/or constructive notice of the deficiencies in its railroad bridge and failed to take remedial measures. Id.[1]

In order to maintain this removed action in federal court, defendant has alleged and must prove that the court has subject matter jurisdiction either through diversity jurisdiction or federal question jurisdiction. See 28 U.S.C. §1441. In order to establish diversity jurisdiction, defendant must show that the parties are diverse and that the amount in controversy exceeds $75,000. See *Garcia v. Koch Oil Co. Of Texas, Inc.,* 351 F.3d 636 (5th

---

[1] Prior to filing its memorandum in opposition to subject matter jurisdiction, plaintiffs filed a first supplemental and amending petition for damages that added a new party, GATX Corporation, the owner and lessor of the train cars involved in the accident at issue in this case, and XYZ Corporation, the lessee of the train cars involved in the accident (rec. doc. 29). Plaintiff alleges in the amending petition that GATX was negligent in failing to maintain and service its train cars prior to leasing them to customers, failing to provide a safe car to be used on the railways at the time of lease, failing to monitor, maintain, and service its train cars during the lease. Id. Again, plaintiffs allege that GATX had actual and/or constructive notice of the deficiencies in its train cars, but failed to take remedial measures. Id. Plaintiffs suggest in their opposition memorandum that their first supplemental and amending petition for damages alleges defects in the *train cars* as opposed to the *railroad bridge crossing* and, therefore, there is no basis for preemption under the ICCTA; however, their amending petition does not withdraw the allegations against Union Pacific regarding the maintenance and construction of the railroad bridge crossing asserted in the original petition(rec. docs. 29 and 30).

Cir. 2003), citing *Paul Reinsurance Co. v. Greenberg,* 134 F.3d 1250, 1253 (5th Cir.1998). Defendant's allegations in the notice of removal establish that diversity of citizenship is satisfied, and although not stated correctly, it seems that newly added defendant GATX is also diverse. Neither party disputes diversity of citizenship. The only issue to be resolved under diversity jurisdiction is whether the requisite amount in controversy is satisfied.

Defendant argues that the damages alleged in the petition and the August 19, 2010, deposition testimony of Paul Washington prove that the amount in controversy is satisfied - at least as to Washington. Defendant suggests that because Washington's damages exceed $75,000, the court should exercise supplemental jurisdiction over the claims of the other defendants (rec. doc. 3). A review of Washington's deposition indicates that he alleges that he suffered nausea, headaches, runny eyes, skin rash, sinus trouble, emotional problems, and sexual problems as a result of the accident (rec. doc. 21-1, Exhibit A). Washington sought medical treatment for the skin rash and sinus trouble, was prescribed medication, and continues to use the sinus medication. Washington did not seek medical attention for his emotional or sexual problems.

First, plaintiffs' claims of damages for emotional and sexual problems do not raise the quantum of damages very far. The Fifth Circuit has held that while testimony from a plaintiff can help support an award for emotional harm, unless it is corroborated, nothing more than nominal damages will be allowed for emotional harm. *Patterson v. P.H.P Healthcare*, 90 F.3d 927, ftnt 11 (5th Cir.1996).

Defendant, however, cites to numerous other cases in an effort to prove that the amount in controversy is satisfied. The injuries sustained and the damages awarded in the cases cited by defendant, however, are not factually similar to the instant case. The cases

-3-

cited involve varying degrees of damages, in some cases resulting in hospitalization due to injuries, numerous physician visits and tests, and permanent injuries, which are not present in the instant case. See *e.g., In re New Orleans Train Car Leakage Fire Litigation*, 795 So.2d 364, 384 (La. App. 4th Cir. 2001); *Lemaire v. Ciba-Geigy*, 793 So.2d 336 (La. App. 1st Cir. 2001); *Jeffery v. Thibaut Oil*, 652 So.2d 1021 (La. App. 5th Cir. 1995); *Wisner v. Illinois Central Gulf R. R.*, 537 So.2d 740 (La. App. 1st Cir. 1988). Plaintiffs argue, and the court agrees, that the allegations in the complaint amount to what is basically a "fear and fright" case, with typical awards of between $3,000 and $10,000, based on the cited case law. Based on plaintiffs' allegations, and using the cases cited by both sides, it is highly unlikely that plaintiffs' damages, including those suffered by Mr. Washington, exceed $75,000; and defendant has failed to meet its burden of proving otherwise. Thus, the court finds that diversity jurisdiction does not exist.

Defendant also asserts federal question jurisdiction as a basis for removal. In the notice of removal, defendant alleges that federal question exists because plaintiffs' claims are completely preempted by the Federal Railway Safety Act (FRSA), 49 U.S.C. §20101, *et seq*.(rec. doc. 1). The FRSA contains a provision that clarifies the preemptive effect of the FRSA by explaining that state law causes of action relating to rail safety and security and seeking damages for personal injury, death, or property damage are not preempted by federal law.[2] The FRSA further provides that it does not create a federal cause of

---

[2] Section 20106(b)-(c) of the FRSA provides in pertinent part as follows:

(b) **Clarification regarding State law causes of action**.--(1) Nothing in this section shall be construed to preempt an action under State law seeking damages for personal injury, death, or property damage alleging that a party--

(continued...)

Case 3:10-cv-00193-DLD   Document 43   09/16/11   Page 4 of 8

action on behalf of an injured party or confer federal question jurisdiction for such state law causes of action.³ In its memorandum in support of federal subject matter jurisdiction, defendant abandoned its argument under the FRSA and instead focused solely on complete preemption under the ICC Termination Act (ICCTA), 49 U.S.C. §10101, *et seq*. (ICCTA) (rec. doc. 21).

Federal question jurisdiction exists if a federal question appears on the face of plaintiffs' well-pleaded complaint. *Bernhard. v. Whitney Nat'l Bank*, 523 F.3d 546, 551 (5th Cir. 2008). Generally, there is no federal jurisdiction if the plaintiff properly pleads only a state law cause of action, as here, where plaintiffs pled only state law negligence claims. See *Gutierrez v. Flores*, 543 F.3d 248 (5th Cir. 2008), citing *Bernhard v. Whitney Nat'l Bank*, 523 F.3d 546, 551 (5th Cir.2008). An exception to the well-pleaded complaint rule arises, however, when Congress "so completely preempt[s] a particular area that any civil complaint raising this select group of claims is necessarily federal in character." *Elam v.*

---

²(...continued)
    (A) has failed to comply with the Federal standard of care established by a regulation or order issued by the Secretary of Transportation (with respect to railroad safety matters), or the Secretary of Homeland Security (with respect to railroad security matters), covering the subject matter as provided in subsection (a) of this section;

    (B) has failed to comply with its own plan, rule, or standard that it created pursuant to a regulation or order issued by either of the Secretaries; or

    (C) has failed to comply with a State law, regulation, or order that is not incompatible with subsection (a)(2).

(2) This subsection shall apply to all pending State law causes of action arising from events or activities occurring on or after January 18, 2002.

(c) **Jurisdiction.**--Nothing in this section creates a Federal cause of action on behalf of an injured party or confers Federal question jurisdiction for such State law causes of action.

³ See ftnt 2.

-5-

Case 3:10-cv-00193-DLD   Document 43   09/16/11   Page 5 of 8

*Kansas City Southern Ry. Co.*, 635 F.3d 796 (5th Cir. 2011), citing *Gutierrez v. Flores*, 543 F.3d at 252 (5th Cir. 2008). Defendant argues such is the situation in the instant matter.

The ICCTA contains a preemption clause, which states as follows:

(b) The jurisdiction of the Board over--
(1) transportation by rail carriers, and the remedies provided in this part with respect to rates, classifications, rules (including car service, interchange, and other operating rules), practices, routes, services, and facilities of such carriers; and
(2) the construction, acquisition, operation, abandonment, or discontinuance of spur, industrial, team, switching, or side tracks, or facilities, even if the tracks are located, or intended to be located, entirely in one State, is exclusive. Except as otherwise provided in this part, the remedies provided under this part with respect to regulation of rail transportation are exclusive and preempt the remedies provided under Federal or State law.

See 49 U.S.C. §10501(b).

In its memorandum in support of jurisdiction, defendant relied on the language of the ICCTA preemption clause and the holdings in *Elam v. Kansas City Southern Ry.,* 2009 WL 774404 (N.D. Miss. 2009) and 2010 WL 889817 (N.D. Miss. 2010), *In re Katrina Canal Breaches Consol. Litig.*, 2009 WL 224072 (E.D. La.2009), and *Rawls v. Union Pacific R. Co.*, 2010 WL 892115 (W.D. Ark. 2010), to support its position that plaintiffs' claims regarding the construction and maintenance of the railroad bridge crossing are completely preempted, thus giving rise to federal question jurisdiction. After defendant filed its brief in support of jurisdiction, however, the Fifth Circuit reversed, in part, the district court's decisons in *Elam v. Kansas City Southern Ry.,* 2009 WL 774404 (N.D. Miss. 2009) and 2010 WL 889817 (N.D. Miss. 2010), which served as the foundation of defendant's preemption argument. The Fifth Circuit held that the ICCTA does not completely preempt

simple negligence claims for personal injuries. See *Elam v. Kansas City Southern Ry. Co.*, 635 F.3d 796 (5th Cir. 2011).

In analyzing the preemptive effect of the ICCTA, the Fifth Circuit noted that Congress was particularly concerned with state economic regulation of railroads when it enacted the ICCTA and that prior cases have found that the ICCTA expressly preempts state laws and state remedies that have the effect of managing or governing rail transportation, but not state laws that have a mere "remote or incidental effect on rail transportation." *Elam*, 635 F.3d at 805. The court reasoned that "[a] typical negligence claim seeking damages for a typical crossing accident [ ] does not directly attempt to manage or govern a railroad's decisions in the economic realm;" therefore, the Elam plaintiffs' claims were not completely preempted. *Elam*, 635 F.3d at 813; see also *Trejo v. Union Pacific Railroad Company*, 2011 WL 309614 (E.D. Ark. 2011).

In the instant matter, plaintiffs' claims that they suffered personal injuries as the result of defendant's negligent maintenance and construction of the railroad bridge crossing do not equate to state economic regulation of railroads. Plaintiffs have pled a simple suit for personal injury damages based on state law negligence. One of the allegations makes a very general claim of failure to maintain and construct the railroad bridge crossing, which was denied by defendant in its answer. There is nothing in the petition or answer that directly or impliedly has "the effect of managing or governing rail transportation." The fact that defendant may have a defense to plaintiffs' claims based

Case 3:10-cv-00193-DLD   Document 43   09/16/11   Page 7 of 8

on a federal law or regulation does not provide the basis for federal question jurisdiction and, therefore, does not support removal of plaintiffs' claims.[4]

Thus, defendant failed to carry its burden of establishing that either diversity or federal question jurisdiction exists in this matter. This court therefore is without subject matter jurisdiction, and this matter will be remanded to the 18th Judicial District Court.

Signed in Baton Rouge, Louisiana, on September 16, 2011.

_____
**MAGISTRATE JUDGE DOCIA L. DALBY**

---

[4] Even if defendant were to raise a defense under federal law, which it has not done thus far, an anticipated defense based on federal preemption does not provide a basis for federal question jurisdiction. See  New Orleans & Gulf Coast Ry. Co. v. Barrois, 533 F.3d 321, 329 (5th Cir. 2008) (citations omitted).